Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50280 | **DATE** | 5/20/2002 |
| **CASE TITLE** | DAIMLER CHRYSLER CORP. vs. BFI WASTE SYSTEMS OF NORTH AMERICA, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Count I insofar as it seeks declaratory relief for future costs is dismissed without prejudice for lack of subject matter jurisdiction. The remainder of Count I is dismissed with prejudice. The court declines to exercise supplemental jurisdiction over Count II which is dismissed without prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | MAY 21 2002 | |
| | Notified counsel by telephone. | date docketed | 27 |
| | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 5-20-02 | |
| /SEC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, DaimlerChrysler Corporation, filed a two-count complaint against defendant, BFI Waste Systems of North America, Inc.. Count I asserts a claim for contribution under 42 U.S.C. § 9613(f) for response costs it incurred or will incur relating to the M.I.G./ DeWayne Landfill ("Landfill") under CERCLA. Count II claims defendant is obligated to indemnify plaintiff for these costs by the terms of a 1973 contract in which defendant contracted to dispose of waste materials originating at plaintiff's Belvidere Assembly Plant. Plaintiff and defendant, along with others, are parties to a March 1991 Administrative Order on Consent ("1991 AOC") with the U.S. E.P.A. ("USEPA") and the Illinois E.P.A. ("IEPA") concerning a remedial investigation and feasibility study for the Landfill. Defendant is also a party to an October 1990 Administrative Order on Consent ("1990 AOC") with USEPA and IEPA concerning the Landfill. Jurisdiction and venue are proper under 42 U.S.C. § 9613(b) and 28 U.S.C. § 1367. Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that because it has resolved its liability to the United States and the State of Illinois under the above AOCs, plaintiff is barred from seeking contribution from it by 42 U.S.C. § 9613(f)(2). Defendant contends the contract does not provide for indemnity for CERCLA costs as a matter of law. On May 9, 2002, plaintiff filed a suggestion of lack of subject matter jurisdiction over the claim for future costs based on a settlement in principle pending among various PRPs. The court will dismiss the claim for future costs without prejudice based on this suggestion.

A 12(b)(6) motion is granted only if no set of facts consistent with plaintiff's complaint could be presented which would entitle it to judgment. See Hedrich v. Bd of Regents of Univ. of Wisc. Sys., 274 F.3d 1174 (7th Cir. 2001). 42 U.S.C. § 9613(f)(2) provides "[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." Plaintiff concedes it cannot recover for costs associated with the Remedial Investigation and Feasibility Study ("RI/FS") as this was a "matter addressed" by the 1991 AOC. Pl. Resp. p. 5. It contends, however, that the complaint alleges it has incurred remedial and removal costs apart from those contained in the 1991 AOC. Id. at 5-6. Defendant maintains any costs plaintiff has incurred are necessarily for matters that were addressed in the 1991 AOC and that plaintiff is judicially estopped from arguing otherwise because of positions it took as one of the plaintiffs in Browning-Ferris Industries of Illinois, Inc., et al. v. Ter Maat et al., No. 92 C 20259, which was prior litigation before this court involving the Landfill. At oral argument, plaintiff acknowledged that the only costs it is seeking are those associated with the migration of Landfill gas which were incurred subsequent to the original judgment in Ter Maat. The question is whether these costs were necessarily matters addressed in the AOCs so as to preclude plaintiff from seeking contribution from defendant.

Defendant urges that positions plaintiff took when both plaintiff and defendant were co-plaintiffs in Ter Maat estops plaintiff from claiming any costs associated with the Landfill were not matters addressed in the AOCs. Defendant asserts that the costs for migrating gas were expressly included in a judgment entered April 18, 2001 ("2001 Judgment"), by the court in Ter Maat, which necessarily meant these costs were within the AOCs. The 2001 Judgment was entered by agreement after a motion was filed on behalf of all the Ter Maat plaintiffs to enter a judgment reflecting costs incurred by the Ter Maat plaintiffs after December 31, 1997. The affidavit of Edwin E. Raymond III was submitted in support of the motion. The affidavit stated in part that from January 1, 1998 through February 28, 2001 the Ter Maat plaintiffs had incurred $1,523,250.98 in non-IRM costs under the AOCs, including, among other costs, $688,890.80 for landfill gas system installation and monitoring. Defendant contends plaintiff, having agreed as a Ter Maat plaintiff to that judgment, which was based on a submission on behalf of all plaintiffs claiming that the costs arising from migrating gas were incurred under the AOCs, cannot now assert the migrating gas costs were not matters addressed by the AOCs.

Judicial estoppel is an equitable doctrine which may be invoked by a court in its discretion. See New Hampshire v. Maine, 532 U.S. 742, 750 (2001). Courts generally consider whether the party's position is clearly inconsistent with its prior position, whether the party was successful in the prior proceeding and whether the party would derive an unfair advantage or impose an unfair detriment on another party if not estopped. Id. at 750-51. The Ter Maat plaintiffs' affidavit asserted the costs were incurred under the AOCs and is clearly inconsistent with plaintiff's position here. The requested judgment was entered including these costs so the Ter Maat plaintiffs' position was successful in the prior litigation. The court found in Ter Maat that the response costs awarded in the original judgment were for actions taken pursuant to the AOCs and were therefore irrebuttably presumed consistent with the National Contingency Plan ("NCP"). Browning-Ferris Indus. v. Ter Maat, 13 F. Supp. 2d 756, 769 (N.D. Ill. 1998) (Reinhard, J.) (case history omitted). The 2001 Judgment covered additional costs incurred in furtherance of the original judgment. Plaintiff benefitted by the treatment of the post-1997 costs as being pursuant to the AOCs and therefore presumed consistent with the NCP allowing judgment against the Ter Maat defendants. Id. Plaintiff does not argue there was any mistake or inadvertence in the Ter Maat plaintiffs' submission. Plaintiff cannot obtain the advantage of this position for one purpose and repudiate the position now to seek further advantage. See New Hampshire v. Maine, 532 U.S. at 755. Plaintiff is estopped from arguing the costs related to migrating gas were not matters addressed in the AOCs. Count I must be dismissed.

The dismissal of Count I leaves only Count II's state law breach of contract claim. When the court disposes of all the federal claims before trial, relinquishing jurisdiction over pendant state law claims is the norm not the exception. Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir.), cert. denied, __ U.S. __, 122 S.Ct. 62 (2001) ; see 28 U.S.C. § 1367(c)(3). The court finds no extraordinary circumstances warranting retention of supplemental jurisdiction. Accordingly, the court declines to exercise supplemental jurisdiction over the state law claim.

Count I insofar as it seeks declaratory relief for future costs is dismissed without prejudice for lack of subject matter jurisdiction. The remainder of Count I is dismissed with prejudice. The court declines to exercise supplemental jurisdiction over Count II which is dismissed without prejudice.

# United States District Court
## Northern District of Illinois
### Western Division

Daimler Chrysler Corporation  **JUDGMENT IN A CIVIL CASE**

v.  Case Number: 01 C 50280

BFI Waste Systems of North America, Inc.

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

☐     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that Count I insofar as it seeks declaratory relief for future costs is dismissed without prejudice for lack of subject matter jurisdiction. The remainder of Count I is dismissed with prejudice. The court declines to exercise supplemental jurisdiction over Count II which is dismissed without prejudice.

All orders in this case are now final and appealable.

FILED-WD
02 MAY 20 PM 3:36
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 5/20/2002

Susan M. Wessman, Deputy Clerk